JACOB VAN GELDER AND DAVID H. VAN GELDER, APPELLANTS, _v._ JAMES H. VAN GELDER, RESPONDENT.

_Sale of real estate by a sheriff under an execution — no formal levy need be made — when errors in signing the notices are immaterial — taxation of fees of sheriff — when it need not be made before the sale — a sale made in violation of an injunction granted in another action is not irregular — postponements caused by an injunction restraining a sale — when the cost of them must be borne by the party procuring the injunction._

No formal levy on real estate is required, and no notice of its having been made need be indorsed upon the execution.

The fact that some of the notices of the sale of real estate under an execution were signed by the title of "sheriff" instead of "late sheriff" is a mere irregularity and does not affect the validity of the sale.

When the defendant in an execution makes no demand of the sheriff to have his fees taxed until the day and time when the sale of the real estate under an execution is to take place, the sheriff is not required to postpone the sale in order to have his fees so taxed.

The sheriff being about to sell the real estate of the defendant, under an execution issued upon a judgment recovered against him herein, the defendant commenced an action to restrain the enforcement of the judgment and the sale of the land and procured therein an injunction restraining the sheriff from selling the real estate "until the trial and judgment" in the action or the further order of the court.

The action was tried before a referee who filed his decision dismissing the complaint on January 7, 1881, and on January 31, 1881, final judgment was entered thereon. The premises were sold by the sheriff on January 15, 1881.

*Held*, that as no stay of proceedings was granted in this action the sale was not irregular, and that if the defendant was injured by the violation of the injunction he should apply to the court to punish the sheriff for contempt.

In February, 1877, an execution was issued upon a judgment recovered against the defendant on November 15, 1869, and placed in the hands of the sheriff. The defendant procured a stay of all proceedings till January, 1879, when the sheriff advertised certain real estate belonging to the defendant for sale on March seventh. The defendant thereafter commenced an action to restrain the collection of the judgment, and on the seventh of March procured therein an injunction restraining the plaintiffs and the sheriff from all further proceedings for the collection of the judgment or the sale of the real estate, "except to adjourn the sale from time to time, as they may be advised, until the determination of the action or the further order of the court." In September, 1879, the plaintiffs herein moved to vacate the injunction and the defendant to modify it so as to stop the advertisements of the sale. Both motions were denied and the injunction was continued "until the trial and judgment" therein. The sheriff adjourned the sale from time to time (twenty-two adjournments being had) until January 15, 1881, when (the injunction suit having been decided against the plaintiff therein) he sold the premises. These adjournments were made by the sheriff, acting under the advice of his counsel and not at the request of the plaintiffs who refused to give him any instructions in the matter.

*Held*, that the defendant having procured the injunction and so prevented an earlier sale, and the adjournments being necessary to preserve the lien of the judgment after November 15, 1879, as against purchasers and mortgagees in good faith, the postponements must be regarded as made at his request within the meaning of subdivision 9 of section 3307 of the Code of Civil Procedure, and the expense of continuing the publication and of publishing the notices of postponement must be paid by him.

APPEAL from an order made at a Special Term setting aside a sale under an execution.

A judgment was recovered in this action against the defendant,

November 15, 1869. An execution thereon was placed in the sheriff's hands in February, 1877. Stays of proceedings were obtained by the defendant until January, 1879, when the sheriff advertised the land for sale under the execution on the eighth of March. The defendant claimed that he had a defense to the judgment, and he commenced an action against the plaintiffs to restrain the collection thereof. In that action he obtained, on the seventh of March, an injunction, restraining the plaintiffs from proceeding further in the collection of the judgment on the sale of the real estate, " except to adjourn the sale from time to time as they may be advised, until the determination of the action or the further order of the court." The sheriff on being served with the injunction order, postponed the sale for about five weeks, at the expiration of which time he again postponed it, and continued so to postpone it for periods of between five and six weeks, until January 15, 1881, when the sale took place. There were twenty-two postponements. The advertisement with the postponement, was continued, making the printing disbursements over $500.

In September, 1879, the plaintiff moved at Special Term to dissolve the injunction. The defendant asked for a modification of the injunction, so as to stop the advertisements. This was refused by the court. On the hearing of the motion the same was granted, unless the plaintiff would consent to' a reference. On his consenting, the injunction was " continued in full force and effect until the trial and judgment in this action;" and the action was referred to Mr. Towner to hear and decide. The action was tried before him ; and on the 7th of January, 1881, he rendered his report, dismissing the complaint with costs. Final judgment thereon was entered January 31, 1881.

At the sale the defendant tendered the sheriff $1,080 in gold, in satisfaction for the execution, which tender has been kept good. The tender was refused on the ground that it was insufficient in amount.

Neither of the plaintiffs requested the sheriff to make these postponements; nor did their attorney. He notified the sheriff that the plaintiffs would not withdraw the execution; that the judgment was nearly ten years old; that the extension of time by reason of the injunction did not apply to' a purchaser, creditor or

mortgagee in good faith; that the sheriff could take such course as he should be advised. The sheriff took advice of counsel, and acting on that advice, thought it his duty to keep the sale adjourned.

On the last postponement, January 8, 1881, the defendant told the under sheriff that he had been beaten; that he hoped the postponement would be for long enough to look at the case and see whether he would appeal — about two weeks. The under sheriff told him that he would give him a week, and adjourned the sale to the fifteenth. On that day the sheriff sold the premises for $1,600.02.

The defendant moved to set aside the sale made by the sheriff, and the Special Term set aside the sale; ordered that the certificate be canceled; ordered that the sheriff (then the late sheriff) pay back to the purchaser the money received from him, with interest; that Trainor, on receiving said moneys, pay over on demand to the sheriff the moneys, $1,080, brought into court and by consent deposited with him; that such payment be in full satisfaction of the judgment and of the sheriff's fees on the execution.

From this order the sheriff (or late sheriff) appeals.

*James B. Olney*, for the appellants.

*James H. Van Gelder*, respondent, in person.

LEARNED, P. J.:

The question in dispute relates to the sheriff's right to collect the printer's fees for the postponements. The defendant makes several points, of which only two are discussed by the learned justice who decided the motion. The others may be examined briefly.

*First.* The defendant insists that there is no indorsement on the execution of a levy within sixty days after issue. The cases cited by the defendant refer to levies on personal property. No formal levy on real estate is needed. (*Wood* v. *Colvin*, 5 Hill, 228.)

*Second.* The alleged irregularities in the postponements are not such as to invalidate the sale.

*Third.* The signing of some of the notices by the title of "sheriff" instead of "late sheriff," is a mere irregularity, of no importance to any one.

*Fourth.* The defendant claims that the sheriff should have sold

in parcels. It appears that, on the day of sale, the defendant himself made a demand for the sale in parcels. On an examination of the affidavits in reply, it appears that the two parcels are not distinct or separate; that there is not even a fence between them. They seem to be pieces of the whole lot, arbitrarily cut off by means of the description and separating the house from the road. If the diagram is a fair representation, the demand ought not to have been granted. It is not easy for us to understand the description contained in the execution. But it appears to describe only one lot. And, when the defendant made the demand, he was informed that the descriptions in his demand did not compare with the premises advertised, and that the plaintiff's attorney did not know that they were parts thereof. Judging from the diagram and the time when the demand was made, the object of the demand was to embarrass the plaintiffs in their sale. There is no evidence that these premises consisted of several "known lots, tracts or parcels."

*Fifth.* The defendant insists that the sheriff cannot collect his fees until they have been taxed, if demand be made. (Code Civ. Pro., § 3287.) The defendant made no demand until just on the day and at the time when the sale was to take place. And the sheriff afterwards noticed his bill for taxation before a justice of the court. The sheriff was ready to sell. The defendant did not then request a postponement of the sale. So that, according to his argument in this case, the defendant could not have been required to pay the costs of a postponement of the sale, if it had been postponed to allow a taxation of the sheriff's fees. This statute, which was intended to protect defendants, should not be used for the purpose of embarrassing and delaying plaintiffs. It was the duty of the sheriff to collect the execution. And we do not think the sale should be set aside on the ground of the demand for taxation.

*Sixth.* It is urged that the sale was in violation of the injunction. Before the union of law and equity in one court, if such an injunction had been violated, the remedy would have been by punishment for contempt in the equity court. We are referred to no authority which holds that a sale would have been void because made in violation of an injunction. Perhaps, since law and equity are administered in the same court, a sale in violation of an injunc-

tion might, in a proper case, be set aside. But yet, as the injunction order was in another action and there was no stay of proceedings in the present action, the sale was not irregular. We think that the party claiming to be injured should be turned over to the ordinary practice of punishment for contempt. Because really, in the present case, the violation of the injunction was only technical. The sheriff was restrained until the further order of the court. The report of the referee stands as a decision of the court. (Code Civ. Pro., 1228.) If the action had been tried by the court, and its decision had been made, such decision could not afterwards be changed or modified. (*Peters* v. *Carpenter*, 32 Sup. Ct. N. Y., 529, Nov. 1881.) The entering of a judgment thereon would be only a formal act to be done, of course. And after a court had, by its decision, dismissed the complaint and had decided that the plaintiff was not entitled to an injunction, it would be very inconsistent to punish a defendant for a violation of an injunction previously granted, merely on the ground that the formal judgment roll had not been perfected.

*Seventh.* The defendant insists that the sheriff was not entitled to be repaid for the amount he had paid the printer for advertisements beyond six weeks. (Code Civil Pro., 3307, sub. 9.) This is the important question in the case. The language of the section is, "where the notice is published more than six weeks, or the sale is postponed, the expense of continuing the publication or of publishing the notice of postponement must be paid by the person requesting it." Now, there is no proof that the plaintiffs requested any postponement. On the contrary, it is proved that they did not request, as they certainly did not desire, any postponement. They were under no obligation to do anything, or to give any direction to the sheriff. They had issued the process which directed the sheriff to collect. It was his duty to use all means in his power to collect the debt, except so far as he was restrained. The defendant applied to the court and obtained an injunction forbidding the sale only. The sheriff then, so far as we can see, could not have safely returned his execution or stopped his advertisement. For, if the injunction had been dissolved in a few weeks (as it might have been) the plaintiffs could probably have held the sheriff liable for not continuing ready to sell.

The plaintiffs had a valid judgment which they had a right to collect. The defendant had no defense or equity against that judgment. But upon allegations, which have proved to be groundless, he attempted to stop the plaintiffs in their collection. The court at his request went so far as to enjoin the sale but not the advertisement. The defendant took that injunction, to the limited extent to which it was allowed, knowing that it permitted a continuance of the advertisement, and he acted upon it, serving it on the plaintiffs and on the sheriff. In all fair construction this was a request by him for the postponement. It was the defendant who did not wish the sale to take place at the time originally appointed. It was for his convenience that it was postponed in order that he might litigate a claim which has proved to be groundless. The duty of the sheriff was to sell as soon as he could. When, therefore, the defendant put an obstacle in the way of the sale, the duty still remained on the sheriff not to abandon the advertisement already made, but to remain ready to sell as soon as the obstacle was removed.

The defendant could have prevented any difficulty. He could have paid in the money. (Code Civil Pro., 613.) He could have allowed the sale to go forward, and could have recovered his claim in the suit which he had commenced. It was therefore his own choice to accept and use an injunction which restrained the sale only.

If the sheriff, at his own instance or by the plaintiffs' direction, on being served with a copy of the injunction, had discontinued the advertisement, and if the defendant had been (as he was) unsuccessful in his injunction action, how could the fees of the sheriff and his expenses for printing, accrued when he discontinued the advertisement, have been recovered? The defendant might have tendered the amount of the judgment and interest. He could have said, with truth, that the discontinuance of the advertisement was voluntary on the part of the sheriff or of the plaintiffs, and that they had thus lost all claim for fees or expenses then accrued. (See the form of bond; Code Civil Pro., §§ 613, 618.)

The plaintiffs were, in this case, in more than ordinary difficulty. The judgment lien is only for ten years. (Old Code, 282; Code Civil Pro., 1251.) It would expire, therefore, November 15, 1879. The stays of proceedings from February, 1877, to January, 1879, extended the lien, but not against a purchaser, creditor or mortgagee

in good faith, so that after November 15, 1879, the defendant could convey or encumber free from the lien. The injunction was obtained March 7, 1879, therefore only about eight months remained during which the lien continued as against everyone. On the 20th September, 1879, a motion was made to dissolve the injunction. If that had been granted the sheriff could have sold under the advertisement and postponements. If he had abandoned the advertisement when served with the injunction he would have had less than two months within which to advertise again.

This question seems to have been in one form raised on the motion to dissolve the injunction. Upon that motion the defendant asked a modification of the injunction so that the advertisements and postponements be enjoined. The plaintiffs opposed and the court refused to modify. If the court had held that it was the sheriff's duty to abandon the advertisements, the injunction would have directed him to do so. The court would have had no power to direct affirmatively the advertisements to be continued, or to direct the costs thereof to abide the event.

Every reason of justice requires that the defendant and not the sheriff should pay these expenses.

We think the order should be reversed, with ten dollars costs and printing disbursements.

RUMSEY, J., concurred.

Present — LEARNED, P. J., and RUMSEY, J.; OSBORN, J., not sitting.

Order reversed, with ten dollars costs and printing disbursements, and motion to set aside sale denied, with ten dollars costs.